UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KING DAVID LEVON DONAHUE III,

    Plaintiff,

  v.

ANTIOCH POLICE DEPARTMENT,
COUNTY OF CONTRA COSTA,
CITY OF ANTIOCH, AND OFFICERS
JOSHUA RIOSBAAS, KYLE SMITH,
SHAWN MARQUES, JACOB KING,
RYAN GEIS, RUDOLPH NIEVES,
ARTURO BECERRA, MATTHEW KOCH,
AND BRANDON BUSBY,

    Defendants.

No. C 23-05564 WHA

**ORDER RE SERVICE AND RENEWED COMPLAINT**

Parties other than County of Contra Costa ("Contra Costa") appeared last Monday for initial case management conference and argument (*see* Dkt. No. 33). Plaintiff appeared pro se.

For defendants City of Antioch ("Antioch"), its Police Department, and all individuals, counsel affirmatively entered appearances to argue motions. These defendants waived any defect in service or personal jurisdiction. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *as amended*, 807 F.2d 1514 (9th Cir.), *cert. denied*, 484 U.S. 870 (1987) (mem.).

For defendant Contra Costa, no counsel appeared, and other parties' initial statements revealed good cause to extend time for service on Contra Costa under Rule 4(m). While that much remains unchanged, the Court realizes it was in error to require plaintiff now to serve Contra Costa. First, it is not yet clear plaintiff failed to serve Contra Costa (*see* Dkt. No. 30 at 1–2 ("The parties to the above-entitled action jointly submit . . . [that a]ll parties have been

served, and no issues exist regarding personal jurisdiction.")). Second, now that the plaintiff proceeds *in forma pauperis* ("IFP") (Dkt. No. 20), the Court must ensure service on plaintiff's behalf under Rule 4(c)(3).

To the extent service has not been timely rendered, the Court finds good cause under Rule 4(m) to extend time for service. There are several reasons. First, the other defendants' counsel at first stated he represented all defendants before clarifying he meant all but Contra Costa, making unacceptably plausible that plaintiff received similarly misleading representations on which he relied even before he was granted IFP status. Second, as above, plaintiff's IFP status makes failure of service now the Court's error. Third, if not yet served, Contra Costa likely has actual notice of this matter, given it is nearby, embraces Antioch, and allegedly interacts with defendants. Key evidence for the claims will also be records-based. And the claims remain timely. *See Butler v. Nat'l Cmnty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (applying Cal. Civ. P. Code § 335.1). Thus, giving extra time to serve comports with service's function. *See Henderson v. United States*, 517 U.S. 654, 672 (1996).

In light of these developments, the Court has reconsidered the ambitious schedule it set at the hearing. Though plaintiff is welcome to proceed pro se, the Court again invites plaintiff to consider getting a lawyer. Among the options that may be available, plaintiff may be able to obtain pro bono counsel (no-cost legal service) particularly because plaintiff has IFP status.

For reasons above, the following orders result:

1. The time to serve shall be extended until **JULY 29, 2024** (21 days from today). Plaintiff does not need to serve Contra Costa himself (see below).

2. The Clerk of Court shall re-issue the summons as needed. *See* Fed. R. Civ. P. 4(a)(2).

3. The U.S. Marshal for the Northern District of California shall serve, without prepayment of fees, the summons, a copy of the complaint, plaintiff's affidavit (all Dkt. No. 1), and this order upon Contra Costa.

4. Plaintiff must promptly inform the Court of any change of address while this case is pending. Failure to do so may result in dismissal of this action.

5. Plaintiff may file an amended complaint, should any counsel he retain so advise or should he otherwise wish, due by **July 31, 2024 at Noon**. For any such amendment and other filings, plaintiff must serve counsel for Contra Costa and counsel for Antioch (for itself and all remaining parties) by mail, through the Court's electronic filing system, or as otherwise permitted by the rules. *See* Fed. R. Civ. P. 5(b).

6. If plaintiff files an amended complaint, any motion to dismiss or answer will be due within **28 Calendar Days** of the amended complaint's filing (e.g., if the plaintiff files an amended complaint on July 31, 2024, any motion to dismiss or answer will be due by August 28, 2024). Otherwise, the court will issue any appropriate orders, including on the existing motion to dismiss (Dkt. No. 6), and instruct parties of next steps. The Court will thereafter set the case management schedule.

**IT IS SO ORDERED.**

Dated:  July 8, 2024.

　　　　　　　　　　　　　　　　　　　　　　　　　　
WILLIAM ALSUP
United States District Judge