1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KING DAVID LEVON DONAHUE III,

        Plaintiff,

   v.

ANTIOCH POLICE DEPARTMENT;
COUNTY OF CONTRA COSTA;
CITY OF ANTIOCH; OFFICERS JOSHUA
RIOSBAAS, KYLE SMITH, SHAWN
MARQUES, JACOB KING, RYAN GEIS,
RUDOLPH NIEVES, ARTURO
BECERRA, MATTHEW KOCH,
BRANDON BUSBY, and JOSHUA
EVANS; and PROSECUTOR HEATHER P.
TURNER,

        Defendants.

No.  C  23-05564 WHA

**ORDERS RE PENDING MOTIONS
AND NOTICE TO PLAINTIFF**

In this Section 1983 action, King David Levon Donahue III brought claims for relief against County of Contra Costa, City of Antioch (and its police department), and individual officers (Dkt. No. 1).  Not all defendants were served, however (*see* Dkt. No. 34), and not all parties appeared (*see ibid.*) to hear the first motion to dismiss (Dkt. No. 6).  Rather than rule on the motion, the Court provided Donahue another opportunity to obtain counsel and to clarify his claims by amending his complaint (at his option), and ordered that the U.S. Marshals serve the remaining defendant (*see* Dkt. No. 34).  Before the ink was dry on the Court's order, plaintiff filed a motion for default judgment and damages of "$15,0012,000.000 USD [sic]" (Dkt. No. 39 at 4).  The remaining defendant was then served (Dkt. Nos. 35, 36).  And Donahue, without following up on pro bono counsel referrals or otherwise obtaining counsel,

United States District Court
Northern District of California

filed an amended complaint (Dkt. No. 40).  Donahue then filed, without further leave, a second amended complaint (Dkt. No. 42).  The first amended complaint purported to add one new defendant, County of Contra Costa Prosecutor Heather P. Turner (Dkt. No. 40 at 6, construed liberally); the second amended complaint purported to add a second new defendant, City of Antioch Police Officer Joshua Evans (Dkt. No. 41 at 1).  These defendants were not served or did not file certificates of service (*see also* Dkt. No. 42 (Contra Costa failing to mention by name Prosecutor Turner); Dkt. No. 43 at 3 n.5 (Antioch accepting that it represents other officers, but not Officer Evans)).  All the served defendants timely filed new motions to dismiss (Dkt. Nos. 43, 44).  This results in the following orders:

1.    The original motion to dismiss filed by Antioch (Dkt. No. 6) as to the original complaint (Dkt. No. 1) is **DENIED AS MOOT.**

2.    The motion for default judgment filed by Donahue (Dkt. No. 39) is **DENIED.** Donahue asserts facts about service (*see id.* at 3) that are unsupported by the record of service (*see, e.g.*, Dkt. No. 36 at 1).  And Donahue seeks default relief of $15,012,000 now (*see* Dkt. No. 39 at 4), even though the ordinary process for relief has not run its course (*see* Dkt. No. 34).  "Cases should be decided upon their merits whenever reasonably possible."  *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).  This case can be.

3.    The Court construes Donahue's second amended complaint (Dkt. No. 42) as a motion for leave to amend his first amended complaint (Dkt. No. 40) *under* Rule 15 and *within* the time allowed for amendment and service by Court order (Dkt. No. 34). *Cf. Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995) (duty to construe pro se pleadings liberally).  The Court likewise construes the motions to dismiss the second amended complaint (Dkt. Nos. 43, 44) as non-oppositions to this motion for leave to amend, at least as to those movant-defendants (*see, e.g.*, Dkt. No. 43 at 1 n.3, 3 n.5 (accepting changes except as to addition of defendant)).  The motion for leave to amend is thus **GRANTED.**  The second amended complaint is thus, as parties have treated it, operative.

2

4.  Counsel for Contra Costa and Antioch shall each submit sworn declarations affirming or denying whether they legally represent and waive service on behalf of Prosecutor Turner and Officer Evans.  They shall also attest whether, if they do represent those parties, they require supplemental briefing for their motions to dismiss.  The Court will consider extensions of up to fourteen days and up to seven pages in briefing. These sworn declarations are due **BY NOON ON AUGUST 30, 2024.**

5.  The ordinary time for Donahue to oppose the existing motions to dismiss from the existing defendants is fourteen days.  Civil L.R. 7-3(a).  The Court indicated it would advise parties of appropriate next steps (Dkt. No. 34 at 3).  An extension of the ordinary time to oppose is appropriate:  The Court extends the total time to respond to twenty-one days, making Donahue's opposition to the motions to dismiss (Dkt. Nos. 43, 44) thus due **BY SEPTEMBER 3, 2024.**

6.  For avoidance of doubt, plaintiff does not have leave to amend his complaint further.


**IT IS SO ORDERED.**


Dated:  August 28, 2024.


WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE