UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KING DAVID LEVON DONAHUE III,

    Plaintiff,

v.

ANTIOCH POLICE DEPARTMENT; COUNTY OF CONTRA COSTA; CITY OF ANTIOCH; OFFICERS JOSHUA RIOSBAAS, KYLE SMITH, SHAWN MARQUES, JACOB KING, RYAN GEIS, RUDOLPH NIEVES, ARTURO BECERRA, MATTHEW KOCH, BRANDON BUSBY, and JOSHUA EVANS; and PROSECUTOR HEATHER P. TURNER,

    Defendants.

No. C 23-05564 WHA

**ORDER DENYING MOTION TO RECONSIDER**

**INTRODUCTION**

In this *pro se* Section 1983 action, two defendants move to reconsider the Court's order foreclosing further motions to dismiss. For reasons below, the motion to reconsider is denied.

**STATEMENT**

The parties know the history here (Dkt. No. 104). Its essentials are that in November 2024 the Court granted in part and denied in part multiple motions to dismiss, that in November, December, and January defendants did not provide basic information to permit plaintiff to amend, and that — after three such failures — the Court ordered defendants to turn over the information and answer the complaint as amended (*ibid.*). It was time to get on with discovery and to resolve the case on the actual facts, not the alleged facts, and on summary judgment (or trial), and not on more motions to dismiss.

1    This prompted a motion to reconsider from Prosecutor Heather P. Turner and the County
2    of Contra Costa (Dkt. No. 105). These defendants complained that the reasons for denying
3    further motions to dismiss applied only to the other defendants, not to them. They said they
4    could not understand the now-operative claims. Then, showing they understood the claims,
5    they said they wished to bring a motion to dismiss just one for the same reason the same claim
6    was dismissed before amendment: The prosecutor, they asserted, was absolutely immune from
7    liability for failing to turn over *Brady* evidence in the state court criminal case against King
8    David Levon Donahue III, our case's *pro se* plaintiff (*ibid.*; Dkt. No. 89 at 18).

9    In that regard, however, Donahue's newly amended complaint alleged a new fact: A
10    state court judge had *ordered* the prosecutor to turn over specific evidence, and the prosecutor
11    had disobeyed not only a *Brady* duty but that specific state court order (Dkt. No. 90 at 6).

12    In response to defendants' motion to reconsider, the Court requested a copy of the state
13    court order that was allegedly violated, plus the end date of the state proceedings allegedly
14    prolonged by the violation (Dkt. No. 106). This information would clarify for the district court
15    what the parties — both present in that state court proceeding — already knew.

16    Now, for his part, Donahue succinctly complies with the Court's request and attaches the
17    state court order (Dkt. No. 109). For their part, however, Prosecutor Turner and the County
18    send a long-winded response. They argue the merits of their proposed motion to dismiss
19    (quoting authorities) while burying their answers about the state court order (Dkt. No. 111).

**ANALYSIS**

21    This order denies the motion for reconsideration because the initial decision foreclosing
22    further motions to dismiss was not manifestly inequitable or erroneous even considering the
23    merits of absolute immunity raised by Prosecutor Turner and the County. *See* Civil L.R. 7-
24    9(b); *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004). Notably,
25    Prosecutor Turner does not state that she would seek dismissal for qualified immunity, and the
26    County does not state that it would seek dismissal for any independent reason.

Whether absolute immunity applies turns on the action performed, and defendants "bear[] the burden of showing that [absolute] immunity is justified for the function in question." *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)). Here, Donahue's newly amended complaint alleged that the prosecutor violated not merely the background *Brady* duty (as the previous complaint had alleged), but also a state court judge's specific order to turn over particular evidence (Dkt. No. 90 at 6). This raises a question: Does the prosecutorial function protected by absolute immunity include disobeying a specific court order?

The Court of Appeals for the Third Circuit has answered as follows: "We can imagine few circumstances under which we would consider the act of disobeying a court order or directive to be advocative, and [so] we are loath to grant a prosecutor absolute immunity for such disobedience." *Odd v. Malone*, 538 F.3d 202, 214 (3d Cir. 2008) (holding no absolute immunity applied in two consolidated cases). The Supreme Court has not addressed the question. *See Price v. Montgomery Cnty.*, 144 S. Ct. 2499, 2499–500 (2024) (Sotomayor, J., statement respecting denial of certiorari). Nor has our court of appeals. None of the decisions cited by Prosecutor Turner and the County grapple with the issue, either, as the closest cases consider violations of *Brady*, not violations of court orders.

Our court of appeals' first impression of this broader issue — a factually sensitive legal question for which defendants bear the burden — would benefit from a better record on the actual specifics of our own case.

Moreover, this Court is not prepared to say just yet that the Court of Appeals for the Third Circuit is wrong, or that its reasoning does not apply to any orders of the kind raised here. For example, what if a state court judge ordered a prosecutor to turn over specific body-worn camera footage recorded by an officer on the scene — evidence that turned out to be exonerating — and yet the prosecutor willfully disobeyed that order and went on to wrongfully convict a criminal defendant? In such circumstances, it could easily be imagined that the criminal defendant's due process rights were violated by the prosecutor, and that the prosecutor's disobedience was not part of the prosecutorial function meriting absolute

3

immunity. Our court of appeals teaches that absolute immunity is "an extreme remedy[ that] is justified only where 'any lesser degree of immunity [w]ould impair the judicial process.'" *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) (en banc) (quoting *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997)); *accord Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 843 (9th Cir. 2016).

That said, immunities are fact-dependent, and the present case may or may not be so extreme. Defendants have not yet shown how they can now meet their burden: All we have now are allegations on one side, and not enough on the other side to apply absolute immunity in this posture. It would help our court of appeals and the district court to have specific facts before we decide to what extent the Third Circuit rule should be adopted in this particular case.

Therefore, the original order stands — no more motions to dismiss, and these issues of some importance will be decided on a summary judgment record (if then raised).

## CONCLUSION

The motion seeking reconsideration (Dkt. No. 105) is **DENIED.**

**IT IS SO ORDERED.**

Dated: January 20, 2025.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE